IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ANTHONY REYES HERNANDEZ, (TDCJ-CID #2088600) | § § § § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. V-17-0010 |
| LORIE DAVIS, | § § § |
| Respondent. | § § |

**MEMORANDUM AND OPINION**

Petitioner, Anthony Reyes Hernandez, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two convictions in the 377th Judicial District Court of Victoria County, Texas. Respondent filed a motion for summary judgment and copies of the state court record. Hernandez has filed his response. After consideration of the motion and response, the record, and applicable authorities, the Court grants respondent's motion. The reasons for this ruling are stated below.

**I.      Background**

A jury found Hernandez guilty of the felony offense of possession of cocaine in a drug-free zone ("DFZ") with intent to deliver, enhanced, and the third-degree felony offense of tampering with physical evidence, enhanced. (Cause Number 15-04-28615-D). On August 19, 2016, the court sentenced Hernandez to twenty-five years confinement for the offense of possession and ten years confinement for the offense of tampering with evidence, with the sentences to run consecutively. Hernandez did not appeal his convictions.

Hernandez filed his first application for state habeas corpus relief on August 30, 2016, which the Texas Court of Criminal Appeals denied without written order on November 2, 2016. Hernandez filed a second state application on February 22, 2017, and on April 26, 2017, the Texas Court of Criminal Appeals dismissed it for noncompliance with Texas Rule of Appellate Procedure 73.1. Hernandez filed a third state application on June 28, 2017, and on August 23, 2017, the Texas Court of Criminal Appeals dismissed it as an abuse of the writ under Tex. Code Crim. Proc. Art. 11.07, § 4(a)-(c).

On February 27, 2017, this Court received Hernandez's federal petition. Hernandez contends that his conviction is void for the following reasons:

(1) He did not enter his guilty plea voluntarily because he did not understand the nature of the charges against him and the consequences of his guilty plea;

(2) He was coerced into entering a guilty plea;

(3) He did not consent to the search of his vehicle, so the evidence was seized in violation of the Fourth Amendment;

(4) There was no evidence to prove that he possessed the drugs;

(5) His attorney, Arnold Hayden, rendered ineffective assistance, causing him to plead guilty;

(6) The prosecution withheld impeachment evidence;

(7) His conviction violated the prohibition against double jeopardy;

(8) The judge, prosecutor, and jury slept during the proceedings;

(9) His attorney rendered ineffective assistance by:

    a. failing to develop a strategy;

    b. allowing the admission of phone conversations not relevant to the alleged offenses;

      c.      failing to object to the judge's, prosecutor's, and jury's sleeping during the proceedings;

      d.      failing to object to the biased testimony of a witness for the State; and

      e.      failing to object to case law used by the state to obtain his conviction;

(10)    There was no evidence to prove that he possessed drug-cooking paraphernalia, guns, or drugs in a DFZ;

(11)    The evidence proving he was in possession of the drugs found in the vagina of the State's witness was insufficient; and

(12)    His arrest for failure to appear and $100,000 bond constitute cruel and unusual punishment.

The respondent argues that Hernandez's first, second, third, fifth, sixth, seventh, ninth, tenth, and twelfth grounds should be denied because they are unexhausted and procedurally barred. The respondent argues that Hernandez's fourth and eleventh grounds are procedurally barred. Respondent further argues that Hernandez's remaining ground, ground eight, lacks merit.

## II.    The Applicable Legal Standards

This Court reviews Hernandez's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of the AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir.

2000). A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Hernandez is proceeding pro se. A pro se habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Hernandez's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III.  The Issues of Exhaustion and Procedural Default

The scope of federal habeas review is limited by the intertwined doctrines of procedural default and exhaustion. *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "The adequate and independent state ground doctrine furthers that objective, for without it, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their

federal claims in state court."'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Coleman*, 501 U.S. at 732). Exhaustion requires that the prisoner "have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999). "Determining whether a petitioner exhausted his claim in state court is a case- and fact-specific inquiry." *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (en banc).

In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07, § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition that were not properly presented or considered on state-court review. *Moore v. Quarterman*, 454 F.3d 484, 491 (5th Cir. 2006).

A federal court generally cannot review the merits of a state prisoner's habeas petition if the claims in the petition are procedurally defaulted. *See, e.g., Magwood v. Patterson*, 561 U.S. 320,

340 (2010) ("If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention - whether in trial, appellate, or habeas proceedings, as state law may require - procedural default will bar federal review."). A habeas claim can be procedurally defaulted in either of two ways. *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004), *cert. denied*, 546 U.S. 938 (2005). *See generally O'Sullivan v. Boerckel*, 526 U.S. 838, 850–56 (1999) (Stevens, J., dissenting) (explaining the differences between the two varieties of procedural default); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999).

First, "[p]rocedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010). When state remedies are rendered unavailable by petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steel v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . [then] there is a procedural default for purposes of federal habeas . . . .").

Second, if the prisoner has presented the claim to the highest available state court but that court has dismissed the claim on a state-law procedural ground instead of deciding it on the merits, the claim has been decided on an independent and adequate state-law ground. *See, e.g., Harris v.*

*Reed,* 489 U.S. 255, 262 (1989). "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998). The state procedural rule must be "both independent of the merits of the federal claim and an adequate basis for the court's decision." *Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001). A state procedural rule is an adequate basis for the court's decision only if it is "strictly or regularly applied evenhandedly to the vast majority of similar claims." *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir.) (emphasis omitted), *cert. denied,* 516 U.S. 1005 (1995).

A.  **The Unexhausted Claims**

**(Grounds 1, 2, 3, 5, 6, 7, 9, 10, and 12)**

The respondent argues that Hernandez's first, second, third, fifth, sixth, seventh, ninth, tenth, and twelfth claims should be denied because they are unexhausted and procedurally barred.

In his first state application, Hernandez raised the following four claims:

(1) The evidence was insufficient to prove he possessed or tampered with the drugs;

(2) At least one juror was not paying attention during his trial;

(3) He was not allowed to enter a substance abuse program as a condition of his punishment; and

(4) The State improperly redacted one of his jail calls, which was admitted into evidence against him.

In his federal petition, Hernandez only raises grounds one and two of his state application. Grounds 1 and 2 from the first state application are labeled in his federal petition as grounds 4, 8, and 11. Hernandez presented federal grounds 1, 2, 3, 5, 6, 7, 9, 10, and 12 in his second and third state applications. The Texas Court of Criminal Appeals denied Hernandez's second state

application for noncompliance with Texas Rule of Appellate Procedure 73.1. Regarding Hernandez's third state application, the Texas Court of Criminal Appeals dismissed it as an abuse of the writ under Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c).

Hernandez did not present grounds one, two, three, five, six, seven, nine, ten, and twelve in a procedurally correct manner either on direct appeal or in a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Any attempt to exhaust his state court remedies at this late date would be futile because Hernandez's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. *See* Tex. Code Crim. Proc. art. 11.07, § 4(a). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997). The doctrine can therefore be relied upon as an adequate and independent state ground for dismissal, forming the basis for application of the procedural default doctrine. *Id.* Hernandez's failure to present grounds one, two, three, five, six, seven, nine, ten, and twelve properly in state court is a procedural default that bars federal habeas corpus review. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (the Texas abuse-of-the-writ statute that restricts successive habeas applications is regularly and strictly applied, constituting an independent and adequate procedural rule that bars federal review). Accordingly, if Hernandez attempted to raise these claims in a fourth state application, the Texas Court of Criminal Appeals would dismiss such an application as an abuse of the writ.

To overcome the procedural bar on nonexhaustion, Hernandez must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87-91 (1977); *Ries v.*

*Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008). Hernandez offers no arguments that would excuse the procedural default. Hernandez does not dispute that these grounds are unexhausted. Hernandez's grounds one, two, three, five, six, seven, nine, ten, and twelve are dismissed because they are procedurally-barred.

### B. The Procedurally-Barred Claims
### (Grounds 4 & 11)

In his fourth and eleventh grounds for federal habeas relief, Hernandez challenges the sufficiency of the evidence. The respondent argues that these claims are procedurally barred.

In *Ex parte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004), the Texas Court of Criminal Appeals held:

> In our writ jurisprudence, it is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981).
>
> As such, Applicant's first ground for relief is denied. In denying Applicant's attack on the sufficiency of the evidence, we take this opportunity to clarify our disposition of habeas corpus applications where an applicant advances a challenge to the sufficiency of the evidence and we deny the application without written order. In *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997), in addressing whether the applicant's subsequent petitions were barred under Article 11.07, Section 4, of the Texas Code of Criminal Procedure, we determined that "a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits." However, we also held that "[a] disposition is related to the merits if it decides the merits or makes a determination that the merits of the applicant's claims can never be decided." *Id.* (emphasis added). A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim. Therefore, today, we reaffirm our holding that

> where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable.

*Ex parte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004).

Hernandez did not challenge the sufficiency of the evidence on direct appeal. Hernandez did challenge the sufficiency of the evidence in his first state application. The Texas Court of Criminal Appeals denied Hernandez's state application without written order. Like the state habeas court in *Grigsby*, the state habeas court in this case did not address the merits of Hernandez's challenge to the sufficiency of the evidence. Though the Texas Court of Criminal Appeals did not expressly rely on an independent and adequate state ground, the holding in *Grigsby* provides that "where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Ex parte Grigsby*, 137 S.W.3d 673 (Tex. Crim. App. 2004). Because the Texas Court of Criminal Appeals denied Hernandez's challenge to the sufficiency of the evidence because the claim was not cognizable on a state post-conviction proceeding, the state habeas claims were defaulted based on adequate and independent state grounds. This claim is procedurally barred in federal court. *See, e.g., Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005).

To overcome the procedural bar, Hernandez must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87-91 (1977); *Ries v. Quarterman*, 522

F.3d 517, 523-24 (5th Cir. 2008). Hernandez offers no arguments that would excuse the procedural default. Hernandez's sufficiency-of-the-evidence claim is dismissed because it is procedurally barred.

Hernandez is not entitled to habeas relief on this claim.

## IV. The Claim Based on a Denial of a Fair Trial
## (Ground 8)

In his eighth ground for federal habeas relief, Hernandez asserts that several jurors as well as the trial judge were seen with their eyes closed for a period of time during his trial. Hernandez asserts that the prosecutor was resting on the table and had his back to the jury box for the duration of the trial. Hernandez further states that one of the prosecutors, Brendan Guy, stuttered and had his eyes closed when speaking during the trial.

The Sixth Amendment guarantees a criminal defendant the right to a fair trial by an impartial jury. *Skilling v. United States*, 561 U.S. 358, 377 (2010). The failure to provide such a trial violates due process. *Id.* at 378. The Fifth Circuit has repeatedly held that defense counsel must call any juror inattentiveness to the attention of the court when it is first noticed. *See, e.g., United States v. Curry*, 471 F.2d 419, 422 (5th Cir. 1973) (holding that "[d]efense counsel had a duty to call a juror's inattentiveness to the court's attention when first noticed. Counsel may not permit juror misconduct or inattentiveness to go unnoticed, thereby sewing a defect into the trial, and later claim its benefit") (citations omitted); *United States v. Baker*, 609 F.2d 134, 139 (5th Cir. 1980) (holding that any juror misconduct claims were waived when "defendants' respective counsel did not mention the point until the jury had retired, and did not urge the court to ascertain whether the juror was actually asleep").

Hernandez does not point out what, if any, testimony the juror is alleged to have slept through. Hernandez has not shown he was prejudiced by defense counsel's failure to bring this matter to the court's attention. *See United States v. Olivas,* 426 F. App'x 344, 346 (5th Cir. 2011) (no showing of prejudice from juror sleeping during closing argument where there was no evidence the juror slept through the presentation of evidence or the court's instructions to the jury).

Because Hernandez failed to object regarding the sleeping juror, review is only for plain error. *E.g., United States v. Puckett,* 505 F.3d 377, 384 (5th Cir. 2007). Under such review, Hernandez must show a clear or obvious error that affected his substantial rights. *Id.* Even if he does so, this Court retains discretion to grant relief and generally will do so only when the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Hernandez maintains he was prejudiced because the juror slept during a critical phase of trial. *See United States v. Cronic,* 466 U.S. 648, 659 (1984) (noting trial unfair if defendant denied counsel at critical stage). There is no showing of prejudice sufficient for plain error.

In his affidavit to the state habeas court, Brendan Wyatt Guy testified as follows:

> I am an Assistant Criminal District Attorney with the Victoria County Criminal District Attorney's Office of Victoria County, Texas. I first chaired the criminal trial in Cause Number 15-04-28,615-D, State of Texas vs Anthony Hernandez alongside Criminal District Attorney Stephen Tyler. I was present at all times during the trial and had ample opportunity to observe the jury's conduct throughout the course of the trial.
> At no time during the course of the trial did I ever observe any member of the jury sleeping or being inattentive. I do not have any reason to believe that any member of the jury was asleep during any segment of the trial.

During state habeas proceedings, Stephen Bret Tyler testified:

> I am the Criminal District Attorney of Victoria County, Texas. I second chaired the criminal trial in Cause Number 15-04-28,615-D, State of Texas vs Anthony Hernandez alongside Assistant Criminal District Attorney Brendan Guy. I was present at all times during the trial and had ample opportunity to observe the jury's conduct throughout the course of the trial. At no time during the course of the trial did I ever observe any member of the jury sleeping or being inattentive. I do not have any reason to believe that any member of the jury was asleep during any segment of the trial.

During state habeas proceedings, Bobbie Daniel testified as follows:

> I am a licensed peace officer in the State of Texas and a deputy with the Victoria County Sheriff's Office. My current rank is Sergeant of the Courts Unit. I served as a bailiff for two days of the trial of Anthony Hernandez in Cause Number 15-04-28615-D which was heard before Judge Jack Marr from August 16, 2016 through August 19, 2016. I specifically served as bailiff in this case and was in charge of the jury on the 16th and 17th. When serving as a bailiff I did not observe any juror sleeping or engaging in any other conduct that would constitute any form of juror misconduct. Furthermore, at no point during the trial of Anthony Hernandez did anyone report to me that any of the jurors were sleeping or committing any other acts of misconduct. To the best of my knowledge no juror was ever asleep during the two days I worked, and no juror committed any misconduct during the trial.

Jeff Green testified as follows:

> My name is Jeff Green, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated: I am currently employed with the Victoria County Sheriff's Office and I am a certified peace officer in the State of Texas. I am assigned to the Court's Division and serve as a bailiff. I served as a bailiff in the 135th Judicial District courtroom on cause #15-04-28615-D for Anthony Hernandez on 8/16/2016 through 8/19/2016 while the jury trial was in progress. That courtroom is relatively small, it is about 30 feet from the wall behind the bench to the rail and the room is also about 30 foot wide. Normally, a bailiff is stationed by the rail and another by the door to the jury room during deliberations. From either location you can clearly see the Jury

> members on the jury box. I did not personally witness any of the
> Jury members with there[sic] eyes closed during any part of the
> trial.

Other than conclusory allegations, Hernandez points to nothing in the record to support his claim that a juror was sleeping or not paying attention. In *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983), the Fifth Circuit held that conclusory allegations are an inadequate basis for federal habeas relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.* Hernandez has not shown that a clear or obvious error affected his substantial rights. Hernandez has not established that the juror's sleeping or lack of attention during the trial seriously affected the fairness, integrity, or public reputation of judicial proceedings.

The respondent argues that to the extent Hernandez claims the trial court judge and prosecutors were also sleeping, his claim is unexhausted and procedurally barred. In his state habeas application, Hernandez argued that "At least 1 juror sitting in the front row of jury box was almost asleep as well as others." Hernandez did not raise in his state application a claim that the judge or prosecutors were sleeping. Efforts to exhaust his state court remedies would be futile because Hernandez's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. *See* Tex. Code Crim. Proc. art. 11.07, § 4(a). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997). The Court finds that this claim is procedurally defaulted.

The state court's decision with regard to Hernandez's claim that he was denied a fair trial, was not contrary to clearly established federal law. Hernandez is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1).

## V. Conclusion

Respondent's Motion for Summary Judgment is GRANTED. Hernandez's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Hernandez's Motion to Retrieve Documents is DENIED as moot. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484.

This Court denies Hernandez's petition after careful consideration of the merits of his constitutional claims. This Court denies a COA because Hernandez has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Victoria, Texas, on September 28, 2018.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE